IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN ISOM,                          :
                                     :
           Plaintiff,                :      CIVIL NO. 4:CV-07-0378
                                     :
     v.                              :      (Judge Jones)
                                     :
Detective WILLIAM P. WEICHEL,   :
*et al.*,                            :
           Defendants.               :

## MEMORANDUM

July 13, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Plaintiff Shawn Isom ("Plaintiff" or "Isom"), an inmate confined at the

Lackawanna County Prison in Scranton, Pennsylvania, commenced the above-

captioned action by filing a pro se civil rights complaint (doc. 1) pursuant to the

provisions of 42 U.S.C. § 1983.  Plaintiff claims improprieties in his arrest

(unlawful search and seizure, lack of probable cause, and unsupported informant),

and he seeks acquittal or dismissal of all charges and expungement.  Plaintiff

contemporaneously filed an Application to Proceed in forma pauperis ("ifp

application") (doc. 2), a Prisoner Authorization (doc. 3) to deduct the filing fee

from his prisoner account, and a Motion for Summary Judgment (doc. 4) with a

brief in support (doc. 5).  Since the form Plaintiff completed for his Application to

Proceed in forma pauperis (doc. 2) was incorrect, the Court issued a 30 Day

Administrative Order dated March 2, 2007 (doc. 7), directing Plaintiff to pay the

full filing fee, or file a new application, on the appropriate form, within thirty (30)

days from the date of the Order.  Plaintiff was notified that failure to comply with

the Order within thirty (30) days would result in dismissal of his case.

Having received no response to the 30 Day Administrative Order (doc. 7)

within the prescribed time, the Court entered an Order dated April 10, 2007 (doc.

10) dismissing the complaint for Plaintiff's failure to comply with the Court's

prior Order (doc. 7).  Thereafter, on April 16, 2007, the Court received a second

application (doc. 11) together with a second prisoner authorization (doc. 12), and

on April 18, 2007, the Court received a Motion for Leave to Proceed in forma

pauperis (doc. 13) together with a third prisoner authorization (doc. 14).  Attached

to the second application was a letter (doc. 11 at 3) from Plaintiff, alleging that he

had filed an application and prisoner authorization within the required time, and

claiming that the documents were apparently lost or misplaced by the Clerk of

Court.

Accordingly, the Court will construe Plaintiff's second application as a

motion to re-open his case and an application to proceed in forma pauperis, filed

nunc pro tunc. Tthe motion will be granted, and the case will be reopened.

However, for the following reasons, Plaintiff's complaint will be summarily

dismissed under 28 U. S. C. § 1915.

**DISCUSSION:**

The Prison Litigation Reform Act (the "PLRA") establishes obligations for

prisoners who file civil rights actions in federal court, and wish to proceed in

forma pauperis. Section 1915 of the PLRA requires courts to ". . . dismiss the

case. . . if the court determines that . . . (B) the action or appeal --- (i) is frivolous. .

. ." 28 U.S.C. § 1915(e)(2)(B)(i). This section applies equally to cases that are

**factually** frivolous and those that are legally frivolous. Neitzke v. Williams, 490

U.S. 319, 327-28 (1989). An action is legally frivolous if it is based upon an

indisputably meritless legal theory, and may be dismissed under §

1915(e)(2)(B)(i). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

Indisputably meritless legal theories are those "in which it is . . . readily apparent

that the plaintiff's complaint lacks an arguable basis in law . . . ." Roman v. Jeffes,

904 F.2d 192, 194 (3d Cir. 1990). "[T]he frivolousness determination is a

discretionary one," and trial courts "are in the best position" to determine when an

indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v.</u> <u>Hernandez</u>, 504 U.S. 25, 33 (1992).

To state a viable § 1983 claim, the Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Nicini v.</u> <u>Morra</u>, 212 F.3d 798, 806 (3d Cir. 2000). However, a prisoner in state custody may not utilize a §1983 action to challenge "the fact or duration of his confinement." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973); <u>see</u> <u>also</u> <u>Wolff v.</u> <u>McDonnell</u>, 418 U.S. 539, 554 (1974); <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994); <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 77 (2005). In <u>Heck</u>, the Court recognized "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." <u>Heck</u>, 512 U.S. at 486. Although "<u>Wolff</u> makes clear that § 1983 remains available for procedural challenges where success in the action **would not necessarily** spell immediate or speedier release for the prisoner," <u>Wilkinson</u>, 125 S.Ct. at 1247 (emphasis in original), a § 1983 action will not lie where establishing the basis for relief necessarily demonstrates the invalidity of the Plaintiff's incarceration. <u>Heck</u>, 512

4

U.S. at 481-482.  Thus, to the extent that Plaintiff is challenging the fact or duration of his confinement, and he is seeking dismissal or acquittal and expungement of the criminal charges against him, such a claim must be brought in a properly filed habeas action.

**CONCLUSION**:

Since the complaint is legally frivolous, and since Plaintiff seeks relief which is not cognizable in the context of a § 1983 action, the complaint will be dismissed under the provisions of 28 U.S.C. § 1915.  An appropriate Order follows.

John E. Jones III
United States District Judge